IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MILO, LLC : | |
|       *Plaintiff*, : | |
| : | CIVIL ACTION |
|     v. : | |
| : | NO. 16-5759 |
| VIRGIL PROCACCINO, ET AL. : | |
| : | |
|       *Defendants.* : | |

| |
|---|
| VIRGIL PROCACCINO, ET AL. : |
| : |
|       *Third Party Plaintiffs*, : |
| : |
|     v. : |
| : |
| AB CONSTRUCTION, LLC, ET AL. : |
| : |
|       *Third Party Defendants.* : |

**MEMORANDUM**

**SURRICK, J.**                                                                         **APRIL 13, 2020**

      Presently before the Court is Red Lion Insulation's Motion to Dismiss the Joinder Complaint. (Mot. to Dismiss, ECF No. 50.) Milo, LLC ("Plaintiff") initiated this lawsuit against the contractors who built a home in an allegedly negligent manner. The contractors ("Third-Party Plaintiffs") then filed a Joinder Complaint, joining eight of their subcontractors and suppliers as defendants ("Third-Party Defendants"), including Red Lion Insulation[1] ("Movant"), claiming indemnification, contribution, negligence, strict products liability, and breach of

---

[1] Movant states that its corporate name is Builder Services Group, Inc. but that it does business as Red Lion Insulation. (*See* Mot. to Dismiss 1.)

implied warranty. (Joinder Compl., ECF No. 23.)[2] Movant seeks to dismiss the Joinder Complaint against it for insufficient service of process and failure to state a claim. For the following reasons, the Motion will be denied.

## I. BACKGROUND

Third-Party Plaintiffs constructed a home in Philadelphia, Pennsylvania at 501A South 12th Street. (Am. Compl. ¶ 4, ECF No. 12.) The owner of the home alleges that the home was defectively constructed. On November 4, 2016, the owner filed a Complaint against Third-Party Plaintiffs in this Court. (Compl., ECF No. 1). The owner filed an Amended Complaint on January 30, 2017. (Am. Compl.) On May 2, 2018, Third-Party Plaintiffs filed a third-party complaint, styled "joinder complaint," impleading their subcontractors and product suppliers, including Movant Red Lion Insulation. (Joinder Compl.) In the Joinder Complaint, Third-Party Plaintiffs allege that Red Lion Insulation installed insulation in the home. (*Id*. ¶ 27.) Third-Party Plaintiffs bring claims against Movant for common law indemnification, contribution, and negligence.

On April 4, 2019, Movant was personally served with the Joinder Complaint. (ECF No. 45.) April 26, 2019, Movant filed the instant Motion to Dismiss the Joinder Complaint. (Mot. to Dismiss.) On May 17, 2019, Third-Party Plaintiffs filed a Response in opposition to the Motion. (Resp., ECF No. 55.) On June 13, 2019, Movant filed a supplemental brief in support of its Motion. (Reply, ECF No. 60.)[3]

---

[2] The other parties joined by the Joinder Complaint were AB Construction LLC, Duggan Excavation, E&A Drywall Corporation, High End Design Inc., Jeld-Wen, Inc., Maxi-Tech Inc., Stanley Stephens Co., Inc., and Tague Lumber.

[3] Third-Party Defendants Tague Lumber and Jeld-Wen, Inc. have also filed a motion to dismiss the complaint (*see* ECF No. 30), as has Third-Party Defendant Stanley Stephens Co., Inc. (*see* ECF No. 61). Those motions are dealt with in separate memoranda.

## II. DISCUSSION

Movant argues that the claims against it should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(5) because Movant was not timely served with the Summons and Joinder Complaint. Moreover, Movant argues that the claims in the Joinder Complaint should be dismissed pursuant to Rule 12(b)(6) because they fail to state claims for indemnification, contribution, and negligence. Specifically, Movant argues that: (1) there is no relationship between Movant and Third-Party Plaintiffs that would give rise to an obligation for Movant to indemnify Third-Party Plaintiffs; (2) Movant cannot be a joint tortfeasor with Third-Party Plaintiffs; (3) the Joinder Complaint does not plead all of the elements of negligence; (4) the gist of the action and economic loss doctrines preclude Third-Party Plaintiffs from bringing tort claims against Movant; (5) the statute of limitations for negligence ended more than two years ago; and (6) the claims are not pleaded with requisite specificity.[4]

We will assess each of Movant's arguments in turn.

### A. Insufficient Service of Process

First, Movant argues that the claims against it should be dismissed because it was not served with the Joinder Complaint until eleven months after the Joinder Complaint was filed. Federal Rule of Civil Procedure 12(b)(5) allows a defendant to move to dismiss a complaint

---

[4] Movant also argued that this Court did not have subject matter jurisdiction over the underlying complaint because Plaintiff did not properly plead its citizenship in the Amended Complaint. On May 21, 2019, an order was issued permitting Third-Party Plaintiffs to conduct limited discovery as to Plaintiff's citizenship. (ECF No. 56.) On June 13, 2019, Movant filed a supplemental brief in which it stated that Plaintiff appeared to be completely diverse from Third-Party Plaintiffs. (Reply 3.) Movant also withdrew its subject matter jurisdiction argument. (*Id*.)

based on insufficient service of process. Rule 4(m) establishes the requirements with respect to service of process:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). In considering whether good cause exists to extend the time for service, the court should consider "(1) reasonableness of plaintiff's efforts to serve, (2) prejudice to the defendant by lack of timely service, and (3) whether the plaintiff moved for an enlargement of time to serve." *MCI Telecomms. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir. 1995). If no good cause exists, courts may still extend the time for service by examining "actual notice of the legal action; prejudice to the defendant; the statute of limitations on the underlying causes of action; the conduct of the defendant; and whether the plaintiff is represented by counsel, in addition to any other factor that may be relevant." *Chiang v. U.S. Small Bus. Admin.*, 331 F. App'x 113, 116 (3d Cir. 2009).

In this case, the Joinder Complaint was filed on May 2, 2018 and Movant was not served until April 4, 2019. Third-Party Plaintiffs argue that the late service was due to a "clerical error" and that Movant has not been prejudiced by the late service because discovery has not yet begun and there is no case management order. (Resp. 12.) Third-Party Plaintiffs insist that, if this Court dismisses the Joinder Complaint's claims against Movant, they will merely re-file the claims against Movant and serve Movant in the required time period.

Applying the *Chiang* factors noted above, we find that it would be equitable to allow Third-Party Plaintiffs' claims to proceed against Movant despite the late service. As Third-Party Plaintiffs noted, discovery has not yet begun and this case is still in the pleadings stage. There is

no evidence that Third-Party Plaintiffs failed to timely serve Movant out of bad faith or a conscious disregard of the Federal Rules of Civil Procedure. Moreover, dismissing this case without prejudice, as Rule 4(m) states, may place Third-Party Plaintiffs' negligence claim beyond the statute of limitations for tort claims. *See* 42 Pa. Cons. Stat. § 5524(7) (stating statute of limitations for tort claims is two years). The Advisory Committee for Rule 4(m) explicitly contemplated that courts would extend the deadline for service of process, rather than dismiss a late-served complaint, "if the applicable statute of limitations would bar the refiled action." *Boley v. Kaymark*, 123 F.3d 756, 758 (3d Cir. 1997) (citing Fed. R. Civ. P. 4(m) Adv. Comm. Notes (1993)). Finally, Movant has not stated that the untimeliness of service has impaired its ability to defend itself. *See id.* at 759. ("[T]he running of the statute of limitations . . . is not a factor that standing alone supports a finding of prejudice to the defendant. . . . [Rather], prejudice 'involves impairment of defendant's ability to defend on the merits.'" (quoting *National Union Fire Ins. Co. v. Barney Assoc.*, 130 F.R.D. 291, 294 (S.D.N.Y. 1990)).

Therefore, we will not dismiss Third-Party Plaintiffs' claims against Movant for insufficient service of process.

**B.     Failure to State a Claim**

Movant also argues that the Joinder Complaint should be dismissed pursuant to Rule 12(b)(6) because it fails to state a claim against Movant. Under Rule 12(b)(6), a complaint may be dismissed for "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that merely alleges entitlement to relief, without alleging facts that show entitlement, must be dismissed. *See Fowler v. UPMC*

*Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). This "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

We note that, although Third-Party Plaintiffs filed an opposition to the Motion to Dismiss, they did not respond to a number of Movant's 12(b)(6) arguments. The un-addressed arguments include Movant's contention that Third-Party Plaintiffs have not stated claims for indemnification or contribution, that the economic loss and gist of the action doctrines bar the claims, and that the statute of limitations bars the negligence claim. Most of these arguments are identical to arguments brought by other Third-Party Defendants in their respective motions to dismiss the Joinder Complaint. (*See* ECF Nos. 30, 61.) We dealt with those arguments in detail in our memorandum regarding Third-Party Defendants Tague Lumber and Jeld-Wen, Inc.'s motion to dismiss the Joinder Complaint. We will address the arguments here in an abbreviated form despite Third-Party Plaintiffs' failure to respond to them.

    *1.    Indemnification*

Movant argues that Third-Party Plaintiffs have failed to state a claim for indemnification because "[Third-Party Plaintiffs] merely plead[] that, if [Plaintiff] has damages, then those damages are [Movant] and the other third-party defendants' fault. . . . [T]hese allegations are insufficient to make out a claim for common law indemnity." (Mot. to Dismiss 12.)

The Supreme Court of Pennsylvania has explained that indemnification "is a fault shifting mechanism, operable only when a defendant who has been liable to a plaintiff solely by operation of law, seeks to recover his loss from a defendant who was actually responsible for the accident which occasioned the loss." *Walton v. Avco Corp.*, 610 A.2d 454, 460 (Pa. 1992)

6

(internal quotations omitted). "Because the party seeking common law indemnity must demonstrate that there was no active fault on his own part, 'indemnity is unavailable to an intentional tortfeasor because it would permit him to escape liability for his own deliberate acts.'" *Bank v. City of Philadelphia*, 991 F. Supp. 2d 523, 530 (E.D. Pa. 2014) (citation omitted).

This is the first of several arguments that we recently addressed in our memorandum regarding Tague Lumber and Jeld-Wen, Inc.'s motion to dismiss. As we stated there, the Joinder Complaint sufficiently alleges facts to support an inference that Movant is primarily liable for Plaintiff's injuries. Plaintiff brings intentional and non-intentional tort claims against Third-Party Plaintiffs for "building, marketing, and selling . . . an unsafe and defectively constructed home." (Am. Compl. ¶ 1.) Third-Party Plaintiffs allege that "all construction materials at the Home were supplied by the Joinder Defendants" and "all construction work at the Home was performed by the Joinder Defendants, *not by 200 CSP*." (Joinder Compl. ¶¶ 4-5 (emphasis added).) Under Count I for indemnification, Third-Party Plaintiffs state that "[i]f damages were sustained by [Plaintiff], it was solely because of the negligence, carelessness, and intentional acts or omissions of the joinder defendants [including Movant]." (*Id.* ¶ 31.) Taken together, Third-Party Plaintiffs clearly allege that they did not take part in the construction of the home and that Third-Party Defendants, including Movant, actually supplied the materials for the home and constructed it. From these allegations, we can infer that Third-Party Plaintiffs' responsibility for the home was as the general contractor and seller of the home. Thus, it is plausible that Third-Party Plaintiffs are not actively at fault for the defects in the home, and that Movant, among others, is primarily at fault.

7

Movant argues that there is no relationship between Movant and Third-Party Plaintiffs that would support a claim for indemnification. *See AMTRAK v. URS Corp.*, 528 F. Supp. 2d 525, 532 (E.D. Pa. 2007) (dismissing claim for indemnification because there was no "direct relationship between [the parties] in order to form the basis for this secondary or vicarious liability," such as "relation of employer and employee, or principal and agent" (citing *Builders Supply Co. v. McCabe*, 77 A.2d 368, 371 (Pa. 1951))). However, the relationship between a product manufacturer/installer and the retailer or seller of such a product/service is recognized as a relationship that gives rise to a duty to indemnify. *See, e.g.*, *Morris v. Lenihan*, 192 F.R.D. 484, 489 (E.D. Pa. 2000) (noting that "a retailer has a right of indemnity against a negligent wholesaler or manufacturer" (citing *Builders Supply Co.*, 77 A.2d at 370)); *Walasavage v. Marinelli*, 483 A.2d 509, 518 (Pa. Super. Ct. 1984) (allowing seller of vehicle to recover from manufacturer of defective tailgate because "the general rule is that indemnification is proper in such a case. The law places final responsibility in such instances upon the party primarily responsible for the defective product, in most instances its manufacturer."); *see also Builders Supply Co.*, 77 A.2d at 371 (noting that secondary liability can "aris[e] . . . because of a failure to discover or correct a defect or remedy a dangerous condition caused by the act of the one primarily responsible."). Here, Third-Party Plaintiffs sold a home to Plaintiff that included a product that Third-Party Plaintiffs purchased from Movant and contracted with Movant to install. Third-Party Plaintiffs allege that Movant manufactured and installed the product negligently. This is precisely the kind of relationship that Pennsylvania courts allow as a basis for indemnification. Therefore, we will not dismiss Third-Party Plaintiffs' claim for indemnification.

## 2. *Contribution*

Next, Movant argues that it cannot be liable for contribution to Third-Party Plaintiffs. Pennsylvania's Uniform Contribution Among Tortfeasors Act, 42 Pa. Cons. Stat. Ann. § 8321 *et seq*. states that there is a right of contribution among joint tortfeasors. 42 Pa. Cons. Stat. Ann. § 8324. Parties are joint tortfeasors if they are "jointly or severally liable in tort for the same injury to persons or property, whether or not judgment has been recovered against all or some of them." 42 Pa. Cons. Stat. Ann. § 8322. In determining whether parties are joint tortfeasors, courts consider

> the identity of a cause of action against each of two or more defendants; the existence of a common, or like duty; whether the same evidence will support an action against each; the single, indivisible nature of the injury to the plaintiffs; identity of the facts as to time, place or result; whether the injury is direct and immediate, rather than consequential, [and] responsibility of the defendants for the same *injuria* as distinguished from *damnum*.

*Morris*, 192 F.R.D. at 490 (quoting *Smith v. Pulcinella*, 656 A.2d 494, 496 (Pa. Super. Ct. 1995)).

Movant argues that the Joinder Complaint fails to state a claim for contribution because: (1) "[Plaintiff] alleges no facts indicating that [Movant] did anything wrong" (Mot. to Dismiss 13); and (2) Plaintiff's claims against Third-Party Plaintiffs are largely claims for fraud and misrepresentation, which are divisible from the injuries allegedly caused by Movant.

As with the above discussion, we recently addressed similar arguments in our memorandum regarding Tague Lumber and Jeld-Wen, Inc.'s motion to dismiss. Our analysis here mirrors our analysis in that memorandum. Plaintiff brings a negligence claim against Third-Party Plaintiffs for failing to "ensure that the construction of the Home was completed in such a way that conformed to applicable building codes . . . and did not present a danger to the [family]." (Am. Compl. ¶ 197.) In their Joinder Complaint, Third-Party Plaintiffs allege that

9

"all construction materials were supplied by the Joinder Defendants [including Movant]." (Joinder Compl. ¶ 4.) Specifically, "[Movant] installed insulation in the Home" and was negligent for, among other things, "[f]ailing to comply with industry standards"; "[f]ailing to comply with applicable building codes"; "[f]ailing to perform their work in a reasonable and workmanlike manner"; and "[u]tilizing defective products in the installation of components . . . [in] the Home." (*Id.* ¶¶ 5, 27, 39). The Amended Complaint includes a specific example of an issue with the flooring, in a report that states: "The following construction defects at [Plaintiff's] residence were not in compliance with the reference portions of the permit drawings and/or the applicable building codes and/or industry standards: . . . Insufficient insulation and/or air barrier below the cupped wood flooring . . . ." (Am. Compl. Ex. E ¶ 1). The Amended Complaint clearly alleges wrongdoing on the part of Movant, the installer of the insulation in Plaintiff's home. Moreover, these allegations, taken as true, raise a plausible inference that Third-Party Plaintiffs and Movant had similar duties toward Plaintiff—to ensure the home was constructed safely, including safe insulation—and that Plaintiff suffered a single injury—water damage from poor construction—that is indivisible as between the parties. Therefore, it is plausible that Movant is a joint tortfeasor with Third-Party Plaintiffs, should Third-Party Plaintiffs be found liable for negligently constructing the home. *Cf. Waynesborough Country Club*, 2008 U.S. Dist. LEXIS 18746, at *18-19 (allowing contribution claim by architecture firm against general contractor to proceed based on similar allegations).

Movant argues that this case is like *Foulke v. Dugan*, 212 F.R.D. 265, 270 (E.D. Pa. 2002), which held that a third-party plaintiff accused of legal malpractice cannot obtain contribution from a third-party defendant because "[t]he legal malpractice alleged . . . against [third-party plaintiff] is separate and distinct from the fraud alleged by [third-party plaintiff]").

10

This case is unlike *Foulke*. The allegations here against Third-Party Plaintiffs are not separate and distinct from the allegations against Movant. Rather, the broad allegations of poor construction against Third-Party Plaintiffs relate directly to, and logically include, the allegations of negligence against Movant for improper manufacture and installation of construction materials. The Joinder Complaint will not be dismissed on this ground.

        *3.      Negligence*

Movants also argue that Third-Party Plaintiffs' claim for negligence cannot survive because Third-Party Plaintiffs failed to "plead or delineate the source of any duty—in tort—that [Movant] owed to [Third-Party Plaintiffs]." (Mot. to Dismiss 14.) In Pennsylvania, in order to state a claim for negligence, the plaintiff must allege: "1) a duty or obligation recognized by law; 2) a breach of that duty; 3) a causal connection between the conduct and the resulting injury; and 4) actual damages." *Kelly v. St. Mary Hosp.*, 778 A.2d 1224, 1226 (Pa. Super. Ct. 2001) (citation omitted).

Here, Third-Party Plaintiffs have stated a claim for negligence that includes an allegation of a duty. The Joinder Complaint states that Movant is negligent for, among other things, "[f]ailing to comply with industry standards"; "[f]ailing to comply with applicable building codes"; "[f]ailing to perform their work in a reasonable and workmanlike manner"; and "[u]tilizing defective products in the installation of components . . . [in] the Home." (Joinder Compl. ¶ 39). Movant can infer from this language that it had a duty to, among other things, comply with industry standards, comply with applicable building codes, perform its work in a reasonable and workmanlike manner, and refrain from utilizing defective products in the installation of components in the home. The relationship between the parties, that of product supplier/installer and general contractor, renders it plausible that the alleged duties in fact

existed. *See Iqbal*, 556 U.S. at 678. We will not dismiss Third-Party Plaintiffs' claim for negligence on the ground that they failed to plead all necessary elements.

        4.        *Economic Loss and Gist of the Action Doctrines*

Next, Movant argues that the tort claims against it are barred by the economic loss doctrine and the gist of the action doctrine. We addressed and analyzed these doctrines in detail in our memorandum regarding Tague Lumber and Jeld-Wen, Inc.'s motion to dismiss. Therefore, we will engage in an abbreviated discussion and analysis here.

The economic loss doctrine provides that "no cause of action exists for negligence that results solely in economic damages unaccompanied by physical injury or property damage." *Excavation Techs., Inc. v. Columbia Gas Co. of Pa.*, 985 A.2d 840, 841 n.3 (Pa. 2009) (internal quotation omitted). The doctrine is aimed at "prohibit[ing] plaintiffs from recovering in tort economic losses to which their entitlement flows only from a contract." *Werwinski v. Ford Motor Co.*, 286 F.3d 661, 671 (3d Cir. 2002) (quoting *Duquesne Light Co. v. Westinghouse Elec. Corp.*, 66 F.3d 604, 618 (3d Cir. 1995)). Movant contends that the economic loss doctrine bars the tort claims because "the only basis for liability remains the contractual relationship between the parties" and the contractual relationship between the parties here does not provide for economic damages due to Movant's negligence. (Mot. to Dismiss 15.) However, it is not clear that Third-Party Plaintiffs' damages are purely economic. The damages in the underlying action have yet to be ascertained but may include personal injury and damage to other property. The Amended Complaint alleges that the family residing at the home was forced to relocate because of the safety hazards in the home, and the safety hazards may have caused respiratory problems in their newborn child. (Am. Compl. ¶¶ 10, 71, 100.) The Amended Complaint also states that there was water damage to the home, including mushroom growth and the presence of mold. (*Id.*

¶¶ 50-57, 75-77, 92, 102.) We cannot conclude, at this point, that the economic loss doctrine applies to this case.

Movant also contends that the gist of the action doctrine bars Third-Party Plaintiffs' tort claims because "[t]here is no general social duty regarding a duty to construct a home." (Mot. to Dismiss 15.) The gist of the action doctrine is "designed to maintain the conceptual distinction between breach of contract claims and tort claims by precluding plaintiffs from recasting ordinary breach of contract claims into tort claims." *Williams v. Hilton Grp. PLC*, 93 F. App'x 384, 386 (3d Cir. 2004) (citing *eToll, Inc. v. Elias/Savion Adver., Inc.*, 811 A.2d 10, 14 (Pa. Super. Ct. 2002)). "[T]o evaluate whether the gist of the action doctrine applies, a court must identify the duty breached, because 'the nature of the duty alleged to have been breached . . . [is] the critical determinative factor in determining whether the claim is truly one in tort, or for breach of contract.'" *Downs v. Andrews*, 639 F. App'x 816, 819 (3d Cir. 2016) (quoting *Bruno v. Erie Ins. Co.*, 106 A.3d 48, 68 (Pa. 2014)). "If . . . the facts establish that the claim involves the defendant's violation of a broader social duty owed to all individuals, which is imposed by the law of torts and, hence, exists regardless of the contract, then it must be regarded as a tort." *Bruno*, 106 A.3d at 68 (citations omitted).

The gist of the action doctrine does not bar Third-Party Plaintiffs' claims because the duties that Movant allegedly breached are imposed by law rather than by contract. The Joinder Complaint states that Movant was negligent because, among other things, it failed to comply with industry standards and applicable building codes, and to perform their work in a reasonable and workmanlike manner. (Joinder Compl. ¶¶ 39, 54-57.) The Pennsylvania Supreme Court explicitly allows tort claims, despite the existence of a contract between parties, "[i]f the claim arises indirectly from the breach of a 'separate "collateral" duty to perform a contractual

13

obligation with skill and diligence.'" *Endless Summer Prods., LLC v. Mirkin*, No. 15-6097, 2016 U.S. Dist. LEXIS 25736, at *6 (E.D. Pa. Mar. 2, 2016) (citing *Bruno*, 106 A.3d at 63). Here, Third-Party Plaintiffs' claims relate to Movant's failure to complete its contractual obligations with skill and diligence. Therefore, the gist of the action doctrine does not bar Third-Party Plaintiffs' claims.

For these reasons, we will not dismiss Third-Party Plaintiffs' claims pursuant to the economic loss doctrine or the gist of the action doctrine.

    5.  *Statute of Limitations*

Movant also argues that Third-Party Plaintiffs' claim for negligence should be dismissed because it is barred by the statute of limitations. Although Third-Party Plaintiffs did not offer any argument in response to Movant's argument, we will not dismiss the negligence claim on this ground because it is not apparent from the face of the pleadings that the claim is barred by the statute of limitations. *See Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002).

"[T]he Federal Rules of Civil Procedure require that affirmative defenses be pleaded in the answer." *Id.* (citing Fed. R. Civ. P. 12(b)(6)). However, in the Third Circuit, a statute of limitations defense may be raised by a motion under Rule 12(b)(6) "if the bar is . . . apparent on the face of the complaint." *Id*. (citation omitted). The statute of limitations for tort claims is two years. *See* 42 Pa. Cons. Stat. § 5524(7). In a case that involves "latent injuries, or injuries of unknown etiology," such as this case, the two-year period begins when "the plaintiff knew or should have known she was injured by the conduct of another." *See Wilson v. El-Daief*, 964 A.2d 354, 356 (Pa. 2009) (citing *Fine v. Checcio*, 870 A.2d 850, 858-59 (Pa. 2005)); *see also O'Brien v. Eli Lilly & Co.*, 668 F.2d 704, 711 (3d Cir. 1981) ("The polestar of the

14

Pennsylvania discovery rule is not a plaintiff's actual acquisition of knowledge but whether the knowledge was known or, through the exercise of diligence, knowable to plaintiff.").

Here, it is not apparent from the face of either the Amended Complaint or the Joinder Complaint that the statute of limitations bars Third-Party Plaintiffs' negligence claim against Movant. Plaintiff brought water infiltration issues to Third-Party Plaintiffs' attention as early as the fall of 2014. (*See* Am. Compl. ¶ 39-42 & Ex. C.) It is possible that the statute of limitations began to run at that point. *See O'Brien*, 668 F.2d at 711. However, the first time the Amended Complaint discusses the particular issue of insufficient insulation was in a report published by an inspector from September 12, 2016. (*See* Am. Compl. Ex. E ¶ 1.) The Joinder Complaint was filed on May 2, 2018, less than two years after that report was authored. Therefore, it is not clear from the pleadings that Third-Party Plaintiffs' negligence claim is barred by the statute of limitations.

### 6. *Pleading with Requisite Specificity*

Finally, Movant argues that the Joinder Complaint does not include enough facts to implicate Movant's liability. Rather, Movant contends that the Joinder Complaint simply states that Movant installed insulation in the home.

Rule 8 of the Federal Rules of Civil Procedure requires a plaintiff to make only "a short and plain statement of the claim showing that the pleader is entitled to relief." Above, we discussed the sufficiency of Third-Party Plaintiffs' claims for contribution and indemnification against Movant. For each of those claims, we found that the Joinder Complaint contains sufficient factual matter to render the claim plausible. We will not repeat those explanations here.

As for Third-Party Plaintiffs' negligence claim, we also found that Third-Party Plaintiffs have sufficiently delineated a duty. The pleadings also sufficiently allege factual matter needed to state the remainder of a negligence claim.[5] The Amended Complaint includes a specific example of a breach of Movant's duty to carry out its obligations with skill and diligence, in a report that states: "The following construction defects at [Plaintiff's] residence were not in compliance with the reference portions of the permit drawings and/or the applicable building codes and/or industry standards: . . . Insufficient insulation and/or air barrier below the cupped wood flooring . . . ." (Am. Compl. Ex. E ¶ 1). The broad allegations in both the Amended Complaint and the Joinder Complaint also render it plausible that Movant's conduct caused Plaintiff's damages. (*See* Am. Compl. ¶ 197 (bringing negligence claim against Third-Party Plaintiffs for failing to "ensure that the construction of the Home was completed in such a way that conformed to applicable building codes . . . and did not present a danger to the [family]."); Joinder Compl. ¶¶ 4-5, 31 ("[A]ll construction materials at the Home were supplied by the Joinder Defendants."; "[A]ll construction work at the Home was performed by the Joinder Defendants, not by 200 CSP"; "If damages were sustained as alleged by [Plaintiff], it was solely because of the negligence, carelessness, and intentional acts or omissions of the joinder defendants . . . .")). It would be inappropriate at this juncture to require Third-Party Plaintiffs to provide greater factual detail. Therefore, the Joinder Complaint will not be dismissed on this ground.

---

[5] As stated earlier, the elements of a negligence claim are as follows: "1) a duty or obligation recognized by law; 2) a breach of that duty; 3) a causal connection between the conduct and the resulting injury; and 4) actual damages." *Kelly*, 778 A.2d at 1226 (citation omitted).

### III. CONCLUSION

For the foregoing reasons, we will deny Red Lion Insulation's Motion to Dismiss the Joinder Complaint. An appropriate Order follows.

**BY THE COURT:**

***/s/ R. Barclay Surrick***