IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| MILO, LLC | : | |
| --- | --- | --- |
| *Plaintiff*, | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 16-5759 |
| VIRGIL PROCACCINO, ET AL. | : | |
| | : | |
| *Defendants.* | : | |

| VIRGIL PROCACCINO, ET AL. | : |
| --- | --- |
| | : |
| *Third-Party Plaintiffs*, | : |
| | : |
| v. | : |
| | : |
| AB CONSTRUCTION, LLC, ET AL. | : |
| | : |
| *Third-Party Defendants.* | : |

## MEMORANDUM

**SURRICK, J.**                                                                                **APRIL 13, 2020**

Presently before the Court is Stanley Stephens Co., Inc.'s Motion to Dismiss the Joinder Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 61.) For the following reasons, the Motion will be denied.

### I.    BACKGROUND

Milo, LLC ("Plaintiff") initiated this lawsuit against the contractors who built a home in an allegedly negligent manner. (Am. Compl., ECF No. 12.) The contractors ("Third-Party Plaintiffs") then filed a Joinder Complaint, joining eight of their subcontractors and suppliers as defendants ("Third-Party Defendants"), including Stanley Stephens Co., Inc. ("Movant").

(Joinder Compl., ECF No. 23.)[1] In the Joinder Complaint, Third-Party Plaintiffs allege that Movant "manufactured and distributed hardwood flooring, which was installed at the Home." (Joinder Compl. ¶ 29.) The Third-Party Plaintiffs bring claims against Movant for common law indemnification, contribution, and negligence. (*Id*. ¶¶ 30-41.)

On June 17, 2019, Stanley Stephens Co., Inc. filed the instant Motion to Dismiss the Joinder Complaint. (Mot. to Dismiss.)[2] On July 1, 2019, Third-Party Plaintiffs filed a Response in opposition to the Motion. (Resp., ECF No. 63.) On July 24, 2019, Stanley Stephens Co., Inc. filed a Reply in support of the Motion. (Reply, ECF No. 64.)

## II.    LEGAL STANDARD

Under Rule 12(b)(6), a complaint may be dismissed for "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that merely alleges entitlement to relief, without alleging facts that show entitlement, must be dismissed. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). This "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

---

[1] The other parties joined by the Joinder Complaint were AB Construction LLC, Duggan Excavation, E&A Drywall Corporation, High End Design Inc., Jeld-Wen, Inc., Maxi-Tech Inc., Red Lion Insulation, and Tague Lumber.

[2] Tague Lumber, Jeld-Wen, Inc., and Red Lion Insulation have also filed motions to dismiss the Joinder Complaint (*see* ECF Nos. 30 & 50.) These motions are addressed in separate memoranda.

## III. DISCUSSION

Movant argues that the claims against it should be dismissed because there are no allegations that flooring materials were a cause of Plaintiff's damages. Specifically, Movant argues that neither the Amended Complaint nor the Joinder Complaint include "any allegations that there are defects or deficiencies in the flooring material sold to [Third-Party Plaintiffs] by [Movant] . . . or that the flooring materials in any way contributed to the problems which are the genesis of Plaintiff's First Amended Complaint." (Mot. to Dismiss 9.) Movant also argues that the indemnification claim against it is not yet ripe because Third-Party Plaintiffs have not satisfied any judgment against it for which Movant may be secondarily liable. (Reply 5.) Third-Party Plaintiffs respond that the allegations in the Amended Complaint are very broad and plausibly encompass issues with the flooring. In addition, Third-Party Plaintiffs argue that the Joinder Complaint makes multiple allegations of wrongdoing on Movant's part that caused the broad damages alleged in the Amended Complaint.

We will address Movant's arguments in the context of each of Third-Party Plaintiffs' claims. In doing so we conclude that Plaintiff's broad allegations of poor construction against Third-Party Plaintiffs relate directly to, and logically include, the allegations of negligence against Movant for improper manufacture of construction materials. Moreover, Third-Party Plaintiffs have made allegations sufficient to render it plausible that Movant caused or contributed to Plaintiff's damages.

### A. Negligence

In Pennsylvania, in order to state a claim for negligence, the plaintiff must allege: "1) a duty or obligation recognized by law; 2) a breach of that duty; 3) a causal connection between the conduct and the resulting injury; and 4) actual damages." *Kelly v. St. Mary Hosp.*, 778 A.2d

1224, 1226 (Pa. Super. Ct. 2001) (citation omitted). It appears that Movant challenges only the causation element of this claim. We are satisfied that the allegations in the pleadings render it plausible that Movant acted negligently and thereby caused or contributed to Plaintiff's damages.

First, the allegations of damages in the Amended Complaint plausibly encompass issues with the flooring. Plaintiff brings broadly-worded claims against Third-Party Plaintiffs for "building, marketing, and selling . . . an unsafe and defectively constructed home." (Am. Compl. ¶ 1.) It further alleges that Third-Party Plaintiffs failed to "ensure that the construction of the Home was completed in such a way that conformed to applicable building codes . . . and did not present a danger to the [family]." (*Id.* ¶ 197.) Moreover, Plaintiff alleges that there was "a mushroom fungus growing out of the floorboards in the second-floor bedroom that was meant for occupation by [the family's] twenty-month old son." (*Id.* ¶ 50.) We are satisfied that these allegations encompass issues with the flooring.

Next, the Joinder Complaint sufficiently alleges that Movant's negligence caused or contributed to Plaintiff's damages. The Joinder Complaint states that "all construction materials at the Home were supplied by the Joinder Defendants" and "all construction work at the Home was performed by the Joinder Defendants, *not by 200 CSP*." (Joinder Compl. ¶¶ 4-5 (emphasis added).) Moreover, Third-Party Plaintiffs allege that Movant "[f]ail[ed] to comply with industry standards"; "[f]ail[ed] to comply with applicable building codes"; "[f]ail[ed] to perform their work in a reasonable and workmanlike manner"; and "[u]tiliz[ed] defective products in the installation of components . . . [in] the Home." (*Id.* ¶ 39).

Movant demands greater factual detail with regard to issues with the flooring. However, the Joinder Complaint need only make "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. There must only be "a reasonable expectation

4

that discovery will reveal evidence of the necessary element." *Phillips*, 515 F.3d at 234 (quoting *Twombly*, 550 U.S. at 556). Here, there is a direct connection between the flooring materials and Plaintiff's damages. It is alleged that there was a mushroom growing out of Plaintiff's floor. Moreover, the broad nature of Plaintiff's allegations—that Third-Party Plaintiffs "buil[t]. . . an unsafe and defectively constructed home" (Am. Compl. ¶ 1)—render it entirely plausible that Movant's failure to, for example, comply with applicable building codes when manufacturing its flooring materials, caused Plaintiff's damages, including the mushroom growth. It is not appropriate at this juncture to require Plaintiff or Third-Party Plaintiffs, who do not have the benefit of any discovery, to make more specific allegations regarding the nature of the defects in the flooring materials. Rather, taking Third-Party Plaintiffs' allegations as true, it is plausible that discovery will reveal evidence that Movant failed to fulfill its duties and caused "the Home [to be] completed in such a way that [it did not] conform[] to applicable building codes . . . and . . . present[ed] a danger to the [family]." (*Id.* ¶ 197.)

      **B.    Contribution**

Pennsylvania's Uniform Contribution Among Tortfeasors Act, 42 Pa. Cons. Stat. Ann. § 8321 *et seq.*, states that there is a right of contribution among joint tortfeasors. 42 Pa. Cons. Stat. Ann. § 8324. Parties are joint tortfeasors if they are "jointly or severally liable in tort for the same injury to persons or property, whether or not judgment has been recovered against all or some of them." 42 Pa. Cons. Stat. Ann. § 8322.

Movant argues that the Joinder Complaint fails to allege that Movant is in fact a tortfeasor. However, we concluded above that Third-Party Plaintiffs sufficiently allege that Movant acted negligently. We also concluded that it is plausible that Movant's negligence caused or contributed to Plaintiff's damages because of the presence of a mushroom growing out

of the floorboards in Plaintiff's home, and the broad nature of Plaintiff's remaining allegations against Third-Party Plaintiffs, combined with Third-Party Plaintiffs' allegations that (1) they did not supply any of the materials for the home, (2) Movant did supply materials for the home, and (3) Movant's materials were negligently manufactured. Third-Party Plaintiffs have sufficiently alleged that Movant is a tortfeasor. Movant does not challenge any other elements of the claim for contribution. Accordingly, we are satisfied that Third-Party Plaintiffs have stated a claim for contribution.

### C. Indemnification

Turning to Third-Party Plaintiffs' claim for indemnification, the Supreme Court of Pennsylvania has explained that indemnification "is a fault shifting mechanism, operable only when a defendant who has been liable to a plaintiff solely by operation of law, seeks to recover his loss from a defendant who was actually responsible for the accident which occasioned the loss." *Walton v. Avco Corp.*, 610 A.2d 454, 460 (Pa. 1992) (internal quotations omitted). Movant's argument in the context of the indemnification claim is that the pleadings do not sufficiently allege that it could be the one "actually responsible for the accident which occasioned the loss." *Id*. However, as stated in each of our discussions above, we have concluded that the pleadings, taken together, plead sufficient factual matter to render it plausible that Movant was actually responsible for Plaintiff's damages.

Movant also argues that the indemnification claim is not ripe. "Under Pennsylvania law, 'claims for indemnification arise only when the party seeking indemnity has made a payment on the underlying claim.'" *Invensys Inc. v. Am. Mfg. Corp.*, No. 04-3744, 2005 U.S. Dist. LEXIS 3961, at *10 (E.D. Pa. Mar. 15, 2005) (quoting *McClure v. Deerland Corp.*, 585 A.2d 19, 22 (Pa. Super. Ct. 1991)). However, the Federal Rules of Civil Procedure explicitly permit a defendant

to, as a third-party plaintiff, serve a complaint "on a nonparty who is or *may be* liable to it for all or part of the claim against it." Fed. R. Civ. P. 14 (a)(1) (emphasis added). Therefore, although a claim for indemnification does not accrue until the defendant makes a payment, federal courts in this Circuit allow defendants to bring indemnification claims in original actions pursuant to Rule 14(a) in order to "promote judicial efficiency" and reduce the need for "bring[ing] a second action against a third individual who may be liable to defendant for all or part of a plaintiff's original claim." *Berger v. Cushman & Wakefield of Pa., Inc.*, 2016 U.S. Dist. LEXIS 32563, at *9 (quoting 6 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 1442 (3d ed. 2010)); *see also Herndon Borough Jackson Twp. Joint Mun. Auth. v. Pentair Pump Grp., Inc.*, No. 12-01116, 2015 U.S. Dist. LEXIS 60459, at *12 n.1 (M.D. Pa. May 8, 2015) (allowing indemnification claim to proceed pursuant to Fed. R. Civ. P. 14(a) for judicial economy "despite the fact that it is not strictly ripe as of yet"); *Barbour v. Forse Corp.*, No. 88-8768, 1989 U.S. Dist. LEXIS 13489, at *4-6 (E.D. Pa. Nov. 2, 1989) (allowing indemnification claim to proceed pursuant to Fed. R. Civ. P. 14(a) because the rule "is merely procedural and therefore creates no substantive rights"). Therefore, we will not dismiss the indemnification claim for lack of ripeness. Movant does not challenge any other elements of this claim. We are satisfied that Third-Party Plaintiffs have stated a claim for indemnification.

## VI. CONCLUSION

For the foregoing reasons, we will deny Stanley Stephens Co., Inc.'s Motion to Dismiss the Joinder Complaint. An appropriate Order follows.

**BY THE COURT:**

***/s/ R. Barclay Surrick***