## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MILO, LLC

    *Plaintiff,*

    v.

VIRGIL PROCACCINO, ARTHUR ELWOOD
and 200 CHRISTIAN STREET PARTNERS, LLC

    *Defendants.*

_____

VIRGIL PROCACCINO, ARTHUR ELWOOD
and 200 CHRISTIAN STREET PARTNERS, LLC

    *Third-Party Plaintiffs,*

    v.

AB CONSTRUCTION, LLC, DUGGAN
EXCAVATION, E&A DRYWALL CORP.,
HIGH END DESIGN INC., JELD-WEN, INC.,
MAXI-TECH, INC., RED LION INSULATION,
STANLEY STEPHENS CO., INC., and TAGUE
LUMBER

    *Third-Party Defendants.*

_____

STANLEY STEPHENS CO., INC.

    *Fourth-Party Plaintiff,*

    v.

WICKHAM HARDWOOD FLOORING

    *Fourth-Party Defendant.*

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

Civil Action No. 2:16-cv-05759-RBS

1

**MEMORANDUM**

SURRICK, J.                                                           **APRIL 20, 2026**

Presently before the Court are motions for summary judgment submitted by third-party defendant Stanley Stephens Co., Inc. ("Stephens") and fourth-party defendant Wickham Hardwood Flooring ("Wickham").  The Court finds these motions appropriate for resolution without oral argument.

**I.    BACKGROUND**

A.  Procedural History

On November 4, 2016, Plaintiff MILO, LLC ("Plaintiff") initiated this lawsuit against contractors who built a home in an allegedly negligent manner.  The contractors moved to dismiss, and the Court denied their motion.  (*See* ECF No. 20.)  Subsequently, the contractors ("Third-Party Plaintiffs") filed a Joinder Complaint, joining nine of their subcontractors and suppliers ("Third-Party Defendants"), including Stephens, as defendants, and bringing negligence, contribution, and indemnification claims against them.  (*See* ECF No. 23.)  The Joinder Complaint also contained a breach of warranty claim against Third-Party Defendants Tague Lumber and Jeld-Wen, Inc. and a strict liability claim against Jeld-Wen, which are not at issue in this opinion.  (*Id.*)  Certain Third-Party Defendants, including Stephens, then moved to dismiss the Joinder Complaint and, in written memoranda, the Court denied their motions.  (*See* ECF Nos. 68, 70, 72.)  Stephens thereafter filed a fourth-party complaint against Carlos Carpet Services, Inc.[1] and Wickham, seeking contribution and indemnification in the event it was found liable at trial.  (*See* ECF No. 96.) Stephens and other

---

[1] Carlos Carpet Services, Inc. was previously dismissed from this action by Order dated September 20, 2023.  (*See* ECF No. 180.)

Third-Party Defendants also moved for summary judgment.[2] (*See* ECF No. 215.[3])  Stephens'

motion for summary judgment is unopposed.

On April 11, 2025, and before filing an answer or motion to dismiss, Wickham moved for

summary judgment, or, in the alternative, judgment on the pleadings.  (*See* ECF No. 240.)  Like

Stephens' motion, Wickham's motion is unopposed.

B.  Undisputed Material Facts[4]

On January 15, 2015, Plaintiff purchased a home located at 501A S. 12th Street in

Philadelphia (the "Home") from Defendant 200 Christian Street Partners, LLC, where Defendants

Arthur Elwood and Virgil Procaccino are partners (200 Christian Street Partners, Elwood, and

Procaccino, collectively, "200 CSP").  (Stephens SOF ¶¶ 3, 4, 16; Wickham SOF ¶¶ 1, 8.)  200

CSP built the home.  (Wickham SOF ¶ 1.)  The Home allegedly experienced water infiltration prior

to settlement and at least three times afterwards, causing significant damage to the Home generally

and to the flooring specifically.  (*Id.* ¶¶ 1, 14, 15.)  Plaintiff alleged that, among other issues, mold

formed in the Home and there was structural damage, raising the possibility that the Home's brick

veneer could collapse.  (Stephens SOF ¶ 17.)  In addition, the flooring allegedly had to be replaced

because of the water infiltration.  (Wickham SOF ¶ 15.)  According to an expert engaged by

---

[2] The motions for summary judgment filed by Third-Party Defendants Jeld-Wen, Inc. and Tague Lumber (ECF No. 213), Red Lion Insulation (ECF Nos. 195, 214), and E&A Drywall Corp. (ECF No. 217) will be addressed in separate written memoranda.

[3] Stephens currently has two motions for summary judgment pending.  (*See* ECF Nos. 204, 215.)  This opinion addresses the later-filed motion, which, unlike the previous motion, attaches exhibits and a statement of undisputed material facts.  The previous motion, ECF No. 204, will be dismissed as moot as a result of this opinion and accompanying order.

[4] Where a party fails to oppose a summary judgment motion, the facts may be deemed undisputed.  *See* Fed. R. Civ. P. 56(e)(2).  All facts in this section are therefore taken from Stephens' Statement of Facts ("Stephens SOF") and/or Wickham's Statement of Undisputed Material Facts ("Wickham SOF"), the latter of which attaches the Declarations of Harris Neal Feldman, Esq. and Jean-Pierre Nittolo.  (*See* ECF Nos. 215; 240-1; 240-4; 240-15.)

3

Plaintiff, the water infiltration was due to some combination of the following: failure to follow construction code requirements; lack of adequate insulation or vapor retarder; insufficient foundation wall height and wood framing located too close to grade level; improper drainage system behind the brick veneer; lack of adequate flashing; insufficient wall cavity thickness; improper wood support in the brick veneer; improper structural attachment of sheet-metal masonry ties; and lack of structural relief angles for the brick veneer. (Stephens SOF ¶ 28; Wickham SOF ¶¶ 9, 11.) Plaintiff filed this lawsuit seeking to hold 200 CSP liable for construction defects, water infiltration, and the resulting damage to the Home. (Wickham SOF ¶¶ 1, 26.)

Stephens is in the business of supplying construction materials. (Stephens SOF ¶ 24.) Wickham manufactures hardwood flooring and sells it to authorized retailers, many of whom then sell it to contractors or install it for end users. (Wickham SOF ¶¶ 3, 5.) In this case, Stephens purchased flooring from Wickham and shipped it to Carlos Carpet, who then sold it to 200 CSP. (*Id.* ¶ 6.) 200 CSP installed the flooring or at least caused it to be installed. (*Id.* ¶ 7.) Neither Wickham nor Stephens were involved in the installation. (Stephens SOF ¶ 25; Wickham SOF ¶ 7.)

## II.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 56(a), summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A dispute is "genuine" if there is a sufficient evidentiary basis on which a reasonable jury could return a verdict for the non-moving party. *Kaucher v. Cty. of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "[A] factual dispute is material only if it might affect the outcome of the suit under governing law." *Id.* The court must view the evidence in the light most favorable to the non-moving party. *Galena v. Leone*, 638 F.3d 186, 196 (3d Cir. 2011).

Where the nonmoving party bears the burden of proof at trial, the moving party may identify an absence of a genuine issue of material fact by showing the court that there is no evidence in the record supporting the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *UPMC Health Sys. v. Metro. Life Ins. Co.*, 391 F.3d 497, 502 (3d Cir. 2004). If the moving party carries this initial burden, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(c) ("A party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . ."); *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (noting that the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts"). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (citation omitted).

## III.   DISCUSSION

Below, we first address Third-Party Plaintiffs' claims for negligence, indemnification, and contribution against Stephens. Because we find that Stephens is entitled to summary judgment on those claims and will therefore be dismissed from this case, Stephens' own claims for contribution and indemnification against Wickham are moot, and Wickham is likewise entitled to dismissal.

### A. Negligence

In Pennsylvania, to prevail on a claim of negligence, plaintiffs must establish by preponderance of the evidence four elements: (1) a duty or obligation recognized by law; (2) a breach of that duty; (3) a causal connection between the defendant's breach and the resulting injury; and (4) injury suffered by the plaintiffs. *See Estate of Zimmerman v. Se. Pennsylvania Transp. Auth.*, 168 F.3d 680, 684 (3d Cir. 1999) (citing *Estate of Swift v. Ne. Hosp. of Philadelphia*,

690 A.2d 719, 722 (Pa. Super. 1997)).  "The failure to establish any one of these elements is a ground for summary judgment." *Id.* (citing *Celotex Corp.*, 477 U.S. at 322).

Before analyzing the elements of negligence as applied to the facts of the case, we note that there is no genuine issue of material fact regarding Stephens' minimal involvement in the construction of the Home.  Discovery has revealed that Stephens served as a mere middleman for flooring supplies—it purchased the supplies from Wickham and shipped them to another party, who later sold them to Third-Party Plaintiffs for installation.  (Stephens SOF ¶¶ 24, 25; Wickham SOF ¶ 6.)  That was the extent of Stephens' role in the construction of the Home.

With these facts in mind, there is no evidence that Stephens breached any duty.  Even if there were, there is no evidence that the flooring supplied by Stephens caused any of Plaintiff's alleged damages.  There is no evidence in the record suggesting any preexisting issues with the flooring itself.  (Wickham SOF ¶¶ 16–18.)  On the contrary, all evidence suggests that the flooring was either improperly installed or was itself damaged after being installed by some combination of other structural defects in the Home, such as an improper drainage system behind the Home's brick veneer and a lack of adequate flashing, which could have allowed water to accumulate. (Stephens SOF ¶ 28; Wickham SOF ¶¶ 9, 11.)  Either way, there is no factual basis from which a rational trier of fact could find that Stephens—whose role, we reiterate, was limited to merely supplying the undisputedly unproblematic flooring—caused damage to the Home.  As a  result, a rational trier of fact could not find that Stephens was negligent.

Moreover, we note here that Stephens' motion to dismiss was denied largely because of the minimal pleading standard of Federal Rule of Civil Procedure 8(a) and corresponding plaintiff-friendly inferences courts must draw when considering a motion under Federal Rule of Civil Procedure 12(b)(6).  We were required under Rule 12(b)(6) case law to assume the truth of Third-

Party Plaintiffs' well-pled allegations, and we were satisfied that they cleared the low "short and plain statement" standard of Rule 8(a). As a result, we held that it was "plausible that discovery will reveal evidence that [Stephens] failed to fulfill its duties and caused" damages in the Home. *Milo, LLC v. Procaccino*, No. CV 16-5759, 2020 WL 1855117, at *2 (E.D. Pa. Apr. 13, 2020).

Though Third-Party Plaintiffs' claims were plausible at the pleading stage, discovery has not revealed evidence of negligence with respect to Stephens. Stephens is therefore entitled to summary judgment on Third-Party Plaintiffs' negligence claim.

### B. Contribution and Common Law Indemnification

The right to contribution and indemnity are separate and distinct causes of action. *See Sirianni v. Nugent Bros., Inc.*, 506 A.2d 868, 870–71 (Pa. 1986) ("[I]n Pennsylvania, our legislature has specifically decided that the acceptance of contribution 'does not impair any right of indemnity under existing law.'" (quoting 42 Pa. Cons. Stat. Ann. § 8323)). It is "state substantive law [that] recognizes a right of contribution and/or indemnity." *In re One Meridian Plaza Fire Litig.*, 820 F. Supp. 1492, 1496 (E.D. Pa. 1993).

Contribution "is not a recovery for the tort, but rather it is the enforcement of an equitable duty to share liability for the wrong done by both." *Agere Sys., Inc. v. Advanced Env't. Tech. Corp.*, 552 F. Supp. 2d 515, 520 (E.D. Pa. 2008) (citations omitted). By statute, the right of contribution exists only among joint tortfeasors. 42 Pa. Cons. Stat. Ann. § 8324(a). Joint tortfeasors are "two or more persons jointly or severally liable in tort for the same injury to persons or property, whether or not judgment has been recovered against all or some of them." 42 Pa. Cons. Stat. Ann. § 8322. As joint tortfeasors, "the parties must either act together in committing the wrong, or their acts, if independent of each other, must unite in causing a single injury." *Operadora Maritima de*

*Graneles, S.A. v. Gamesa Wind U.S., LLC*, 989 F. Supp. 2d 445, 449 (E.D. Pa. 2013) (citation omitted).

Stephens is entitled to summary judgment on Third-Party Plaintiffs' contribution claim because, as discussed above, Stephens is not a joint tortfeasor. That is, because Stephens is entitled to summary judgment on Third-Party Plaintiffs' negligence claim—the only tort claim alleged against Stephens—it necessarily follows that Stephens cannot be deemed a joint tortfeasor. As contribution is only available amongst joint tortfeasors, Third-Party Plaintiffs are not entitled to contribution from Stephens as a matter of law. *See, e.g.*, *Miller v. Cohen*, No. 93-5371, 1995 WL 422785, at \*3 (E.D. Pa. July 12, 1995) ("[B]ecause third-party plaintiff may not rest on the unsubstantiated allegations of her complaint, and because the record contains not even a scintilla of evidence to support the allegations of third-party plaintiff, no issue of material fact exists regarding a right of contribution against third-party defendant.").

Under Pennsylvania law, common law indemnification is a "fault shifting mechanism, operable only when a defendant who had been held liable to a plaintiff solely by operation of law, seeks to recover his loss from a defendant who was actually responsible for . . . the loss." *Sirianni v. Nugent Bros.*, 506 A.2d at 871. "It arises only when the third-party defendant engaged in the tortious conduct at issue, but the third-party plaintiff was liable for the other's conduct as a matter of law." *Bachtell v. Gen. Mills, Inc.*, 422 F. Supp. 3d 900, 907 (M.D. Pa. 2019).

Here, as discussed above, the Court finds no genuine issue of material fact regarding Stephens' responsibility, or lack thereof, for the Home's defects. Despite the voluminous records in this case, there is no evidence to suggest that Stephens "engaged in," or had any responsibility for, the faulty construction of the Home. *See Bachtell*, 422 F. Supp. 3d at 907. Stephens is therefore entitled to summary judgment on Third-Party Plaintiffs' indemnification claim. *See*

8

*Miller*, 1995 WL 422785, at *3 (granting summary judgment where "the evidence of record is insufficient as a matter of law to allow a reasonable factfinder to infer that third-party plaintiff is entitled to indemnification by third-party defendant.")

### C. Wickham's Motion for Summary Judgment

Because Stephens is entitled to summary judgment on each of the three claims alleged by Third-Party Plaintiffs, Stephens' fourth-party complaint against Wickham, which seeks contribution and indemnification from Wickham in the event Stephens is found liable, is moot. Stephens' fourth-party complaint will therefore be dismissed. *See*, *e.g.*, *Canady v. Resolution Trust Corp.*, No. 94-2786, 1995 WL 334309, at *3 (E.D. Pa. June 2, 1995) (dismissing as moot third-party complaint seeking indemnification and contribution where third-party plaintiff was granted summary judgment on underlying claims). As a result, Wickham's motion for summary judgment will be dismissed as moot. Wickham, whose only exposure to liability stems from Stephens' fourth-party complaint, will be dismissed from this case.

### IV.   CONCLUSION

For the foregoing reasons, the Court will grant Stephens' motion for summary judgment, dismiss Stephens' fourth-party complaint against Wickham, and dismiss Wickham's motion for summary judgment as moot. An appropriate Order will follow.